## AITKEN *vs.* MEYER.

The plaintiff, having in his possession certain papers upon which he claimed a lien for money loaned to P. & S. for the defendant, P. & S. borrowed of the defendant his check, and passed the same to the plaintiff to discharge the debt and obtain possession of the papers, the defendant knowing, at the time of delivering the check, that it was to be used by P. & S. *Held,* that these facts constituted the plaintiff a *bona fide* holder of the check.

*Held, also,* that it was entirely immaterial that the check was made payable to P. & S. That it was sufficient that the plaintiff had possession of papers upon which he claimed a lien, and that he took the check, and in consideration thereof delivered up the papers.

APPEAL, by the defendant, from a judgment entered upon the report of a referee. The action was upon a check made by the defendant, payable to the order of Peters & Schierloh, and indorsed by them to the plaintiff.

*By the Court,* PRATT, J. There is no exception to any finding of fact, and each fact found is material to the decision of the case. The plaintiff had in his possession certain papers upon which he claimed a lien for money loaned to Peters & Schierloh for the defendant, and the check in suit was borrowed by them of the defendant and passed to the plaintiff to discharge that debt and obtain possession of the papers. The defendant knew, when he delivered the check, that it was to be so used by Peters & Schierloh.

These facts constituted the plaintiff a *bona fide* holder of the check in suit. It is entirely immaterial that the check was made payable to Peters & Schierloh. It is sufficient that the plaintiff had possession of papers upon which he claimed a lien, and that he took the check, and in consideration thereof delivered up the papers.

The referee was correct in holding that the burthen of proof was upon the defendant, after the plaintiff had produced the check.

Neither are the exceptions to the admission of evidence well taken.

All the material facts are admitted or proved by evidence that is unobjectionable.

The judgment must be affirmed with costs.

*Judgment affirmed.*

[SECOND DEPARTMENT, GENERAL TERM at Brooklyn, December 8, 1873. *Barnard, Tappen* and *Pratt,* Justices.]